UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRION W. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-CV-1667-JAR |
| | ) |
| LIEUTENANT JAVAN FOWLKES, et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file. Plaintiff Darrion Green commenced this civil action in December 2024, alleging violations of his civil rights at St. Louis City Justice Center. ECF No. 1. On December 11, 2024, the Court directed Plaintiff to file a trust fund account statement (or institutional equivalent) in support of his motion to proceed without prepayment of fees and costs. ECF No. 4. The Court cautioned Plaintiff that his failure to timely comply with the Order would result in the dismissal of the case without further notice. *Id.* On December 27, 2024, the Order the Court had addressed to Plaintiff at the St. Louis City Justice Center was returned and marked "Return to Sender" and "Unable to Forward." ECF No. 5. The Court re-sent the Order to Plaintiff on February 7, 2025, ECF No. 7, and again on March 12, 2025, ECF No. 8. The Order dated March 12, 2025 informed Plaintiff that this was his final chance to comply with the Order. ECF No. 8. Plaintiff's response was due by March 26, 2025.

To date, Plaintiff has neither responded to the Court's Orders, nor sought additional time to do so. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to

comply with the Court's December 11, 2024; February 7, 2025; and March 12, 2025 Orders and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that application to proceed in district court without prepaying fees or costs [ECF No. 2] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of May, 2025.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE